UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: **17-21765-CV-SCOLA/TORRES**

**ROBERTO VASCONCELO**,

     Plaintiff,

v.

**MIAMI AUTO MAX, INC., d/b/a CAR DEPOT
OF MIAMI** and **CAR DEPOT OF MIRAMAR**; and
**KENNYA QUESADA**, individually,

     Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION ENTRY OF FINAL JUDGMENT AS A MATTER OF LAW
OR, IN THE ALTERNATIVE, FOR NEW TRIAL ON THE ISSUE OF DAMAGES**

Defendants, MIAMI AUTO MAX, INC. and KENNYA QUESADA ("Defendants"), hereby file their response in opposition to Plaintiff's Motion for Entry of Final Judgment as a Matter of Law or, In the Alternative, For New Trial on the Issue of Damages [ECF No. 84] ("Motion"), as follows:

### INTRODUCTION

Plaintiff's Motion is deficient in several respects. First, Plaintiff's motion for judgment as a matter of law should be denied as procedurally improper because Plaintiff failed to move for judgment as a matter of law on any of the grounds raised in this post-judgment Motion prior to submission of the case to the jury.

Next, ***Plaintiff fails to provide a single reference to the trial transcript*** and instead, relies on his own self-serving recollection in an attempt to support his arguments. On this ground alone, Plaintiff's Motion should be denied outright. *See, e.g.*, *Jones v. Carswell Property Maintenance, Inc.,* No. 09-22027, 2012 WL 163025 at *7 (S.D. Fla. Jan. 19, 2012) ("[I]t would be inappropriate

to grant a new trial based on vague, transcript-free argument regarding a recollected factual scenario contrary to the memories of the Court or Plaintiffs' counsel."); *Kaye v. Pers. Injury Funding III, LP.*, No. 09-82391-CIV, 2010 WL 2244085, at *4 (S.D. Fla. May 12, 2010) (citing *Contech Stormwater Solutions, Inc. v. Baysaver Techs., Inc.*, 534 F. Supp. 2d 616, 626 (D. Md. 2008) ("A district court need not scour the record to make the case of a party who does nothing")).

Lastly, Plaintiff is seeking a new trial on the issue of damages only based on his contention that the damages awarded by the jury are inadequate. Plaintiff is essentially challenging the verdict as inconsistent. However, *Plaintiff has unequivocally waived any challenge to the jury's verdict by failing to object while the jury was still empaneled.*

## I. FAILURE TO MOVE FOR JUDGMENT AS A MATTER OF LAW AT TRIAL

Plaintiff did NOT move for judgment as a matter of law under Rule 50(a) prior to submission of the case to the jury. In this procedurally improper post-judgment Motion, Plaintiff now seeks judgment as a matter of law awarding "other unpaid minimum wages and liquidated damages" on multiple issues – none of which were properly raised at trial.

"Rule 50(b) expressly provides that, after a jury verdict, a party 'may *renew* its request for judgment as a matter of law.' A Rule 50(b) motion is a *renewal* of a Rule 50(a) motion." *See Doe v. Celebrity Cruises,* 394 F.3d 891, 903 (11th Cir. 2004) (quoting Fed. R. Civ. P. 50(b) (emphasis added)). **"This Court repeatedly has made clear that any renewal of a motion for judgment as a matter of law under Rule 50(b) must be based upon the same grounds as the original request for judgment as a matter of law made under Rule 50(a) at the close of the evidence and prior to the case being submitted to the jury."** *Doe,* 394 F.3d at 903 (emphasis added) ("In making its Rule 50(b) rulings, the district court clearly erred because it lacked authority to enter judgment under Rule 50(b) for the defendants on a ground not raised prior to the submission of

2

the case to the jury."). "For a court to be obligated to consider a post-trial motion for judgment as a matter of law [under Rule 50(b)], the moving party must have made a motion for such a judgment under Rule 50(a)." *Warfield v. Stewart*, 434 F. App'x 777, 780–81 (11th Cir. 2011).

Plaintiff's Motion is not a *renewed* motion for judgment a matter of law under Rule 50(b). Notably, Plaintiff does not even attempt to characterize the Motion as renewed or even cite to the section of Rule 50 under which he is seeking relief.[1] Plaintiff failed to properly preserve any of the arguments now raised in his motion prior to submission of the case to the jury. *See Hodges v. School Board of Orange County, Florida*, No. 6:11-cv-135, 2013 WL 12152675 at *5 (M.D. Fla. May 9, 2013) ("Upon review of the trial transcripts, it is clear that Defendant never raised this issue when moving for a directed verdict, and is thus precluded from arguing it in its renewed JMOL Motion.").

Even if Plaintiff had moved for judgment on any issue prior to the jury's verdict, Plaintiff's request for "other unpaid minimum wages and liquidated damages" cannot be properly raised by motion for judgment as a matter of law. *See Peeler v. KVH Indus., Inc.*, 13 F. Supp. 3d 1241, 1247 (M.D. Fla. 2014) (finding plaintiff's "concern that the damages award in this case is not high enough is inappropriately raised in a Rule 50(b) motion because "[t]he jury's findings should be excluded from the decision-making calculus on a Rule 50(b) motion, other than to ask whether there was sufficient evidence, as a legal matter, from which a reasonable jury could find for the party who prevailed at trial.").

---

[1] Defendants' counsel raised this objection to Plaintiff's counsel during pre-filing conferral communications in an effort to avoid having to incur further unnecessary fees; however, Plaintiff's counsel maintains he moved for judgment, yet failed to provide any transcript reference.

3

Plaintiff further improperly seeks judgment as a matter of law based on alleged errors in the jury instructions. It is well-established in the Eleventh Circuit that "where a jury instruction is incorrect, the appropriate remedy in a case is a new trial rather than judgment as a matter of law." *Berrocal v. Moody Petroleum, Inc*., No. 07-22549-CIV-UNGARO, 2010 WL 1372410, at *8 (S.D. Fla. Mar. 31, 2010) (citation omitted); *Peralta v. Greco Int'l Corp.*, No. 11-CV-22224, 2012 WL 12844741, at *3 (S.D. Fla. Aug. 9, 2012) ("Plaintiffs' Rule 50(b) request based upon instructional error can be rejected outright. . . .").

Accordingly, Plaintiff's Motion for judgment as a matter of law should be denied in its entirety.

## II.  NEW TRIAL

Plaintiff alternatively moves for a new trial on the issue of damages on the following grounds: (1) that the Court erred in instructing the jury and declining to give Plaintiff's requested instructions; and (2) that there was allegedly prejudicial testimony by Defendants alluding to Plaintiff's immigration status. None of Plaintiff's arguments warrant a new trial and therefore, Plaintiff's Motion should be denied.

"[A] motion for a new trial may rest on the fact that . . . the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Torres v. Rock & River Food Inc.*, 232 F. Supp. 3d 1283, 1287 (S.D. Fla. 2017). The standard for a new trial is not merely that the verdict must be against the *greater* weight of the evidence - rather it must be against the *great or clear* weight of the evidence or result in an obvious miscarriage of justice. *Lipphardt v. Durango Steakhouse of Brandon, Inc.,* 267 F.3d 1183, 1186 (11th Cir. 2001). "Where conflicting testimony is presented and the jury is called upon to make credibility determinations and to weigh the evidence, [the Court

4

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

should] uphold the verdict as long as there is some support for the jury's decision." *Quick v. City of Birmingham,* 346 F. App'x 494, 495 (11th Cir. 2009).

"The U.S. Court of Appeals for the Eleventh Circuit, however, has warned that the trial judge's discretion to set aside a jury verdict based on the great weight of the evidence is very narrow' and is limited to protecting against manifest injustice in the jury's verdict." *Platypus Wear, Inc. v. Horizonte Fabricacao Distribuicao Importacao E Exportacao LTDA.*, No. 07-CV-21827-KMM, 2013 WL 12061479, at *2 (S.D. Fla. Mar. 22, 2013), *aff'd sub nom. Platypus Wear, Inc. v. Horizonte Ltda.*, 558 F. App'x 929 (11th Cir. 2014) (internal quotation omitted). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Mahshie v. Infinity Ins. Co.*, No. 12-20148-CIV, 2013 WL 12085507, at *1 (S.D. Fla. Oct. 2, 2013) (quoting *Del Rio Dist. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979)).

"Where a motion for a new trial is based on an alleged legal error in the jury instructions, the Court must determine whether an error was in fact committed, and (2) whether that error was so prejudicial that the denial of a new trial would be inconsistent with substantial justice." *Mahshie v. Infinity Ins. Co.*, No. 12-20148-CIV, 2013 WL 12085507, at *2 (S.D. Fla. Oct. 2, 2013). New trials should not be granted based on asserted errors in jury instructions which did not affect the outcome of the trial. *Peralta v. Greco Int'l Corp.*, No. 11-CV-22224, 2012 WL 12844741, at *3 (S.D. Fla. Aug. 9, 2012) (denying plaintiff's motion for new trial where "the instruction complained of went to an issue that is immaterial in light of the jury's verdict as to Defendants' lack of liability under the FLSA."). Consistent with the above cited case law, Plaintiff's Motion for new trial should be denied.

5

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

### A. <u>Timely Payment of Wages</u>

At trial, the Court rejected Plaintiff's untimely payment claim and entered judgment as a matter of law in favor of Defendants. In granting judgment as a matter of law for Defendants, the Court found Plaintiff had failed to present any evidence (despite ample opportunity to do so) establishing Plaintiff's normal payday or showing any payments were untimely. *See Turner v. Neptune Towing & Recovery, Inc.*, No. 09–CV–I071T27AEP, 2011 WL 510443, at *3–4 (S.D. Fla. Oct. 26, 2011) (finding that a plaintiff is not entitled to a new trial on damages because she neglected to put on evidence necessary to prove her case).

Plaintiff now seeks judgment as a matter of law in his favor, arguing that the facts and law on point were clearly established at trial. First, Plaintiff did not move for judgment as a matter of law on his untimely payment claim at trial and therefore, is precluded from seeking judgment on this issue post-judgment. *In addition, Plaintiff fails to provide a single reference to the trial transcript for the evidence he maintains is so "clearly established" to support judgment as a matter of law*. Contrary to Plaintiff's self-serving characterization of the evidence at trial, the Court entered judgment for Defendants on this issue just minutes after the close of Plaintiff's case based on Plaintiff's failure to present any evidence to establish his untimely payment claim. *See Peeler v. KVH Industries, Inc.*, 13 F. Supp.3d 1241 (M.D. Fla. 2014) (denying prevailing plaintiff's motion for judgment as a matter of law based on inadequate damage award, stating "[t]he Court thus declines [plaintiff's] invitation to make specific damages calculations relating to the purported 'clear and uncontroverted evidence of damages' [plaintiff] claims to have presented at trial.").

Based on the Court's grant of judgment as a matter of law for Defendants, the Court properly rejected Plaintiff's proposed timely payment instruction. [ECF No. 82-3]. Even though

6

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

Plaintiff's claim was not before the jury, the Court nevertheless actually covered the timely payment of wages in the instructions:

> In this case, Roberto Vasconcelo claims that Defendants did not pay him the wage required by the Fair Labor Standards Act, on the regularly scheduled pay day as required by law.
>
> The FLSA requires that covered employees such as Roberto Vasconcelo receive a minimum hourly wage for every hour they worked during every given pay period, and that they receive this payment on the regularly scheduled pay day for that given pay period.
>
> ECF No. 65 at p. 5.

Thus, Plaintiff's proposed timely payment instruction was superfluous and there is no possible prejudicial harm to Plaintiff. *See Torres v. Rock & River Food Inc.*, 232 F. Supp. 3d 1283, 1287 (S.D. Fla. 2017) (quoting *Goulah v. Ford Motor Co.*, 118 F.3d 1478, 1485 (11th Cir. 1997)) ("The district court's refusal to give requested instructions is not error if the substance of the proposed instruction was covered by another instruction, which was given.").

The Court properly granted judgment as a matter of law in Defendants' favor on Plaintiff's untimely payment claim and therefore, Plaintiff is not entitled to judgment as a matter of law or a new trial on this issue.

### B. Jury Instructions

"In determining whether a jury charge was confusing, misleading, or prejudicial, the test is not whether the charge was faultless in every particular, but whether the jury was misled in any way and whether it understood the issues and its duty to determine those issues." *Williams v. R.W. Cannon, Inc.*, No. 08-60168-CIV, 2009 WL 2834955, at *7 (S.D. Fla. Aug. 27, 2009) (quoting *Wright v. Wagner,* 641 F.2d 239, 242 n. 4 (5th Cir.1981)). The Court retains "broad discretion in formulating jury instructions." *Christopher v. Cutter Laboratories,* 53 F.3d 1184, 1190 (11th

7

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

Cir.1995). And, "[t]o warrant a new trial based on an erroneous instruction, a party must establish that [a] challenged instruction was an incorrect statement of the law, and that it was probably responsible for an incorrect verdict leading to substantial injustice." *Johnson v. Clark,* 484 F. Supp.2d 1242, 1252 (M.D.Fla.2007) (alteration in original). Because "[i]t is difficult if not impossible to decipher what calculations the jury made to arrive at its verdict ... a party seeking to challenge the jury verdict bears a high burden to overcome." *State Contracting & Eng'g Corp. v. Condotte America, Inc.,* No. 97–7014–CIV, 2002 WL 34365827, at *2 (S.D. Fla. June 26, 2002).

A district court errs in refusing to give a requested instruction "only when (1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party." *Pensacola Motor Sales, Inc. v. E. Shore Toyota, LLC*, 684 F.3d 1211, 1224 (11th Cir. 2012); *see Torres v. Rock & River Food Inc.*, 232 F. Supp. 3d 1283, 1287 (S.D. Fla. 2017) (denying FLSA plaintiff's motion for new trial based on rejected jury instruction, finding "the Plaintiff's requested instruction was inapplicable and would have only served to confuse the jury."); *Dear v. Q Club Hotel, LLC*, No. 15-60474-CIV, 2017 WL 4303782, at *2 (S.D. Fla. Aug. 15, 2017) (denying motion for new trial, finding the "Court's instructions to the jury were not misleading or erroneous . . ." and concluding, "the instructions did not render the trial fundamentally unfair to Plaintiff."). "The district court's refusal to give requested instructions is not error if the substance of the proposed instruction was covered by another instruction, which was given." *Goulah v. Ford Motor Co.*, 118 F.3d 1478, 1485 (11th Cir. 1997); *see Johnson v. Breeden,* 280 F.3d 1308, 1314 (11th Cir. 2002) ("As long as they accurately reflect the law, the trial judge is given wide discretion as to the style and wording employed" in giving jury instructions).

8

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

Here, Plaintiff has failed to identify any substantial errors in the Court's instructions to the jury that render the trial fundamentally unfair to Plaintiff.

### *"Free and Clear Payment" Instruction*

Plaintiff argues the Court erred by denying Plaintiff's proposed "Free and Clear Payments" instruction and by instructing the jury that the law recognizes draw against commission as a lawful method of payment which complies with the FLSA as long as the Plaintiff receives minimum wage for all hours worked during each pay period. The legality of Defendants' pay plan was not a question for the jury. In fact, in the parties' Joint Pretrial Stipulation, Plaintiff identified this as an issue of law remaining for determination by the Court: (c) "Whether the 'commissions only' pay plan as utilized by the Defendants violates the FLSA;" and (d) "Whether Defendants' payment policy of deducting draws from commissions earned in perpetuity violates the FLSA." ECF No. 42 at p. 6-7. The issue was presented to the Court to make a legal determination of whether a draw against commission pay plan such as Defendants is in compliance with the requirements of the FLSA. The Court resolved this legal question and properly instructed the jury on the law:

> The law contemplates and recognizes a draw against commission as a legal and permitted method of payment which complies with the FLSA as long as the Plaintiff receives at least minimum wage for all hours worked during each pay period.
>
> ECF No. 65 at p. 6.

Contrary to Plaintiff's assertion, the Court did not validate Defendants' pay plan; the Court's instruction properly reserved the factual determination for the jury to decide whether Plaintiff received at least minimum wage for all hours worked during each pay period.

Accordingly, because the legality of Defendants' pay plan was not before the jury, the Court properly rejected Plaintiff's proposed "Free and Clear" instruction. *See Torres*, 232 F. Supp. 3d 1283, 1287 (S.D. Fla. 2017) (denying FLSA plaintiff's motion for new trial based on rejected

9

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

jury instruction, finding "the Plaintiff's requested instruction was inapplicable and would have only served to confuse the jury.").

While the legality of Defendants' draw against commission payment policy was not a question before the jury, Plaintiff contends that the jury somehow rendered a finding that Defendants' pay plan did not conform with the FLSA's requirements. Plaintiff reaches this unfounded conclusion based on the jury answering "yes" to question No. 1 on the Verdict Form: "Did the Defendants fail to pay Roberto Vasconcelo at least a minimum hourly wage for all hours worked for the Defendants." ECF No. 68. Plaintiff's assertion that the jury's answer amounted to a determination of a legal question not even presented to the jury is non-sensical speculation.

Plaintiff's proposed "free and clear payment" instruction is derived from Plaintiff's flawed theory throughout this case that a draw against commission payment method is a violation of the FLSA. Plaintiff contends the jury should have been instructed to disregard all of the weekly draws paid to Plaintiff throughout his employment and calculate damages by awarding the full minimum wage for every hour worked. Even though Plaintiff received and kept all draws paid by Defendants for every hour worked during his employment, Plaintiff is essentially seeking to be paid twice by simply disregarding the weekly minimum wage draws altogether under his legal theory that the draws were not "free and clear" payments. The Court properly rejected this flawed theory and refused to give Plaintiff's proposed "free and clear" instruction as unnecessary and inconsistent with the facts and evidence in this case.

The Court properly instructed the jury that a draw against commission payment plan is lawful under the FLSA as long as the Plaintiff receives at least a minimum wage for all hours worked during each pay period. ECF No. 65 at 6. Contrary to Plaintiff's assertion, there is ample support under the law for this instruction. A draw against commission payment method is expressly

10

recognized by the Department of Labor as a proper method of compensation of commission salespersons in compliance with the FLSA. *See* U.S. Department of Labor, Wage and Hour Division, Field Operations Handbook § 30b05(c)(3)*c.* In addition, this compensation structure has been consistently approved by the Department of Labor in multiple opinion letters. *See* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter, 1981 WL 179034 (Mar. 3 1981) ("Where an employer advances funds to a commission salesperson to satisfy the minim wage requirement, this amount may be recovered from excess commissions earned in a subsequent settlement period."); U.S. Dep't of Labor, Wage & Hour Div, Opinion Letter, 1998 WL 852727 (Feb. 23, 1998); U.S. Dep't of Labor, Wage & Hour Div, Opinion Letter, 2001 WL 1558951 (Feb. 14, 2001). A recent decision of the Sixth Circuit Court of Appeals applied these provisions, finding: "The Field Operations Handbook makes clear that the DOL views defendants' practice of crediting draws against future earnings as permissible under the FLSA, so long as the employer does not deduct from wages already paid." *Stein v. HHGregg, Inc.*, No. 16-3364, 2017 WL 4543697 at *7 (6th Cir. 2017).

Thus, Plaintiff has failed to establish that the Court's instruction was an incorrect statement of law or that it resulted in an incorrect verdict leading to substantial injustice. *Wajcman v. Investment Corporation of Palm Beach*, No. 07-80912, 2009 WL 10667881, at *4 (Sept. 11, 2009) ("A new trial is warranted only where error has caused substantial prejudice to the affected party.").

Plaintiff also contends that the jury failed to take into account a deduction of $19.00 from Plaintiff's paycheck on account of a t-shirt, which Plaintiff contends was undisputedly worn for the benefit of the Defendant. Again, Plaintiff fails to cite the trial transcript for this issue and instead, provides a summary of his own recollection of the testimony as "undisputed." Contrary to

11

Plaintiff's position, this was a factual dispute for the jury to decide based on the conflicting evidence presented. Defendants testified that the t-shirt was not a uniform, but rather was voluntarily purchased for an event. The pay plan entered into evidence states that uniform polos are $35/each [Trial Exhibit P-3]. Defendant Kennya Quesada testified that the t-shirt was not a uniform, but rather was voluntarily purchased for an event. In fact, over Defendants' objection, the Court instructed the jury with Plaintiff's proposed uniform instruction, which states:

> Any uniform worn by Plaintiff was utilized primarily for the benefit or convenience of the employer. As such if you find the Plaintiff was charged for the uniform, the amount of that deduction may be considered in determining whether the Plaintiff was paid a minimum wage during that pay period. ECF No. 65 at 9.

The factual issue of whether the T-shirt was in fact a uniform was properly left for the jury to decide based on the conflicting testimony and evidence. *See Quick v. City of Birmingham,* 346 F. App'x 494, 495 (11th Cir. 2009) ("Where conflicting testimony is presented and the jury is called upon to make credibility determinations and to weigh the evidence, [the Court should] uphold the verdict as long as there is some support for the jury's decision.").

### *De Minimis and Overtime Exemption Instructions:*

There was ample evidence to support a *de minimis* instruction at trial. Defendants' former sales manager for Defendants, who testified based on his 37 years of experience in the car sales industry, it is typical for a salesperson to come in to the dealership for an insignificant amount of time in order to deliver a vehicle to the saleperson's customer. This standard industry practice was further confirmed by Cristine Dawkins based on her time spent working as Defendants' office manager.

Contrary to Plaintiff's assertion, Defendants properly raised a *de minimis* defense. ECF No. 12, Defendants' Sixth Affirmative Defense. Further, the *de minimis* doctrine is a rule and is

not required to be pled as an affirmative defense. *Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1080 (9th Cir. 2016) (holding employer is not required to plead the *de minimis* doctrine as an affirmative defense); *see also Gaylord v. Miami-Dade County*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999) ("Under the **de minimis doctrine**, brief periods of off-duty time spent working are deemed de minimis and therefore not compensable.").

Next, the Court properly instructed the jury that Plaintiff is exempt from overtime pay under the FLSA. While challenging this undisputed instruction, Plaintiff acknowledges that he never "pled or presented any evidence or suggestion that he was entitled to, or sought recovery of overtime wages." ECF No. 84 at 10. Plaintiff does not claim that he was entitled to overtime but in fact, acknowledges that he was exempt. Nevertheless, Plaintiff argues these instructions *somehow* "permitted the jury to speculate regarding whether dozens of automatic deductions and adjustments to time records might be disregarded as 'minor' or inconsequential or that they might be 'exempt.'" ECF No 84 at p. 18.

Regardless of Plaintiff's speculations about the jury's intent in calculating the verdict, Plaintiff's failure to raise these objections before the jury was discharged waived his right to contest the verdict on this basis. *See Fisk Elec. Co. v. Solo Const. Corp.*, 417 F. App'x 898, 901 (11th Cir. 2011) ("Plaintiff's speculations about the jury's intent might be correct. But we do not need to resolve this question because Plaintiff did not raise an objection to the verdict before agreeing to the jury's dismissal."); *see also Peeler v. KVH Indus., Inc.*, 13 F. Supp. 3d 1241, 1249–51 (M.D. Fla. 2014) (denying plaintiff's motion for new trial on the issue of damages, finding "by failing to object or seek clarification of the jury's verdict while the jury was still empaneled, [plaintiff] has waived his ability to seek review of the inconsistencies alleged. The Court thus

13

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

declines to grant a new trial on the basis of [plaintiff's] contentions that the damages in this case are inadequate.").

Even if the issue had not been waived, instructing the jury on this undisputed fact could not have affected the outcome of the verdict since Plaintiff was never claiming overtime in this case. *Peralta v. Greco Int'l Corp.*, No. 11-CV-22224, 2012 WL 12844741, at *3 (S.D. Fla. Aug. 9, 2012) (denying plaintiff's motion for new trial where "the instruction complained of went to an issue that is immaterial in light of the jury's verdict as to Defendants' lack of liability under the FLSA.").

Taking the instructions as a whole, together with the *de minimis* and overtime exemption instructions to the jury, no error, much less prejudicial error, was committed.

### C. Allegedly Prejudicial Testimony Regarding Social Security Card

Without any reference to the trial transcript, Plaintiff contends that he was prejudiced by the "surprise, previously undisclosed, undiscovered, un-suggested interjection of comments alluding to Plaintiff's immigration status." ECF No. 84 at 3. Plaintiff apparently recalls testimony by Defendants that Plaintiff might not have had his social security card available on his first day of work. Based on the purportedly prejudicial inference that Plaintiff himself has drawn from his recollection of this testimony, Plaintiff argues he is entitled to a new trial on the issue of damages, and the striking of Defendants' pleadings and defenses. ECF No. 84 at 20.

Again, Plaintiff has failed to reference the trial transcript for this alleged testimony; therefore, this argument should be rejected outright. *See Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2011 WL 6029981, at *3 (S.D. Fla. Nov. 30, 2011) (noting that "Plaintiffs fail to identify or cite to any specific piece of extrinsic evidence that they believe the Court admitted in error. It is not the job of the court to look for evidence in the record.").

14

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

Even if the Court were to consider this issue based on Plaintiff's characterization alone, there is nothing prejudicial about the statement that Plaintiff might not have had his social security card on his first day or that Defendants require their employees to bring in their social security cards to be entered into the system – something that is likely typical of most employers in the United States. In fact, the Internal Revenue Service Employer's Tax Guide imposes this as a requirement: "You're required to get each employee's name and SSN and to enter them on FORM W-2. . . You should ask your employee to show you his or her social security card." IRS Pub. 15 (Circular E), *Employer's Tax Guide*, https://www.irs.gov/pub/irs-pdf/p15.pdf. Plaintiff's conclusory assertion of prejudice is entirely insufficient to carry his burden on a motion for new trial.

Furthermore, Plaintiff failed to preserve any objections to this purportedly prejudicial testimony by failing to raise it at trial. Pursuant to Federal Rule of Evidence 103, "[a] party may claim in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and: (1) if the ruling admits evidence, a party on the record: (A) timely objects or moves to strike; and (B) states the specific ground, unless it was apparent from the context." F.R.E. 103(a); *see Edwards v. Shanley,* No. 6:10-CV-554ORL18DAB, 2013 WL 12200645, at *2 (M.D. Fla. Aug. 21, 2013), *aff'd sub nom. Edwards v. Shanley*, 580 F. App'x 816 (11th Cir. 2014) (denying motion for new trial where plaintiff failed to object at the time testimony was given). A new trial cannot be granted on grounds that were not brought to the Court's attention during the trial.); *Richardson v. Bombardier, Inc.,* No. 8:03-cv-544-T-31MSS, 2005 WL 3087864, at *7 (M.D. Fla. Nov. 16, 2005), *aff'd sub nom. Ferguson v. Bombardier Servs. Corp.,* 244 F. App'x 944 (11th Cir. 2007); *see also Wajcman*, 2009 WL 10667881 at *8 (denying motion for new trial where counsel "did not object at trial to any of the testimony Defendant now claims to be 'highly

prejudicial. Accordingly, the issue is unpreserved for review."). Thus, "the moving party may not raise objections to alleged errors for the first time in a motion for new trial." *Richardson*, 2005 WL 3087864 at *7.

## CONCLUSION

Based on the foregoing, Defendants respectfully request the Court deny Plaintiff's Motion [ECF No. 84] in its entirety.

Respectfully Submitted,

**REINER & REINER, P.A.**
*Attorneys for Defendants*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida   33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
*cts@reinerslaw.com; eservice@reinerslaw.com*

By: */s/ Chelsea T. Silvia*
    **CHELSEA T. SILVIA**; Fla. Bar No. 111777

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 16, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served by Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

**REINER & REINER, P.A.**
*Attorneys for Defendants*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida   33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
cts@reinerslaw.com; eservice@reinerslaw.com

By:  */s/ Chelsea T. Silvia*
_____
    **CHELSEA T. SILVIA**; Fla. Bar No. 111777

**SERVICE LIST**

Anthony F. Sanchez, Esq.
ANTHONY F. SANCHEZ, P.A.
Email: afs@laborlawfla.com
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel: (305) 665-9211; Fax: (305) 328-4842
*Attorneys for Plaintiff, Roberto Vasconcelo*