United States District Court
for the
Southern District of Florida

Roberto Vasconcelo, Plaintiff, )
)
v. )
)
) Civil Action No. 17-21765-Civ-Scola
Miami Auto Max, Inc., d/b/a )
"Car Depot of Miami" and "Car )
Depot of Miramar," and; )
Kennya Quesada, Defendants. )

### Omnibus Order

The jury in this case returned a verdict in favor of Plaintiff Roberto Vasconcelo and against Defendants Miami Auto Max, Inc., doing business as "Car Depot of Miami" and "Car Depot of Miramar," and Kennya Quesada, Miami Auto Max's owner (collectively "Car Depot"). After a two-day trial, the jury found that Car Depot had failed, under the Fair Labor Standards Act, to pay Vasconcelo, a Car Depot salesperson, at least a minimum hourly wage for all the hours he worked and awarded him $97.20 in unpaid wages. (Verdict Form, ECF No. 68.) Vasconcelo now attacks that verdict under Federal Rules of Civil Procedure 50 and 59. (ECF No. 84.) In a separate motion, Vasconcelo also asks the Court to amend its judgment. (ECF No. 83.) The Court **denies** Vasconcelo's motion for entry of a judgment as a matter of law or, alternatively, for a new trial (**ECF No. 84**). On the other hand, the Court **grants**, in large part, Vasconcelo's motion for an amended judgment (**ECF No. 83**).

1. **Background**

To recap, Vasconcelo worked for Car Depot as a used-car salesman. Car Depot's pay scheme involved compensating its salespeople by applying a draw against their commissions for each hour they worked and paying them a minimum hourly wage. In his complaint, Vasconcelo alleges that because of Car Depot's pay practices, he was not, in fact, paid, as required by the FLSA, a minimum wage for every hour he worked. Instead, according to Vasconcelo, when employees, including himself, fell deep enough into "the hole," meaning their minimum-wage payments outpaced their earned commissions, Car Depot required them to work off the clock. Vasconcelo also complains that, on at least one occasion, Car Depot failed to pay him on or before his regularly scheduled pay day—also in violation of the FLSA. He also says that Car Depot made unjustified deductions to his hours as well as to his earned commissions. Lastly, according to Vasconcelo, Car Depot also impermissibly failed to pay him

unconditionally. That is, Vasconcelo alleges, his wages were not given to him free and clear. Instead, he says, Car Depot mandated he pay back any earned wages that he was ultimately unable to cover with later-earned commissions.

During the course of the trial, the Court determined that, as a matter of law, a draw against commissions is a legal and permitted method of payment which complies with the FLSA so long as the employee receives at least the minimum wage for all hours worked during each pay period. This concept was included in the Court's jury instructions. The Court also granted judgment as a matter of law in Car Depot's favor with respect to Vasconcelo's claim that his first paycheck was untimely. In the end, however, the jury found in Vasconcelo's favor, determining that Car Depot had failed to pay him a minimum wage for all the hours he worked, awarding him $97.20 in unpaid wages.

## 2. The Court denies Vasconcelo's motion for judgment as a matter of law.

Under Federal Rule of Civil Procedure 50(a)(2), a party may move for a judgment as a matter of law "any time *before* the case is submitted to the jury." (Emphasis supplied). A court will grant such a motion if, based on the opposing party's presentation of its case, "the court finds that a reasonable jury would not have a legally sufficiently basis to find for the party on that issue." Fed. R. Civ. P. 50(a). If a Rule 50(a) motion is denied, the movant may *renew* the motion, under Rule 50(b), and may include an alternative request for a new trial under Rule 59.

Car Depot maintains that Vasconcelo's motion for judgment as a matter of law is procedurally defective because he failed to move for judgment as a matter of law on any of the grounds raised in his post-judgment motion. In contrast, Vasconcelo insists he indeed moved for a judgment as a matter of law with respect to the untimeliness of Car Depot's payments of his wages. Neither party has provided the Court with a transcript to support their general, and vague, recollections of the proceedings.

There can be no dispute that "any renewal of a motion for judgment as a matter of law under Rule 50(b) must be based upon the same grounds as the original request for judgment as a matter of law made under Rule 50(a)" and that "a party cannot assert grounds in the renewed motion that it did not raise in the earlier motion." *SEC v. Big Apple Consulting USA, Inc.*, 783 F.3d 786, 813 (11th Cir. 2015). And while "'[s]trict identity of issues . . . is not required' of the two motions, the grounds identified in a Rule 50(b) motion must be 'closely related' to the grounds raised in the prior Rule 50(a) motion such that opposing counsel and the court are notified of the evidentiary shortcomings asserted." *Noel v. Terrace of St. Cloud, LLC*, 212 F. Supp. 3d 1193, 1198 (M.D.

Fla. 2016), *appeal dismissed* (Aug. 9, 2016) (quoting *Howard v. Walgreen Co.*, 605 F.3d 1239, 1243 (11th Cir. 2010)). "The rule protects the non-moving party's right to cure deficiencies in the evidence before the case is submitted to the jury. The moving party cannot ambush the court and opposing counsel after the verdict when the only remedy is a completely new trial." *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1245 (11th Cir. 2001) (citations omitted).

The only specific ground Vasconcelo alludes to raising with respect to his Rule 50(a) motion for judgement as a matter law, is the untimeliness of Car Depot's initial wage payment to him. (Pl.'s Rule 50 Mot. at ¶ 4 ("the jury was effectively precluded from considering the untimeliness of Plaintiff's first pay check when the Court denied the Plaintiff's motion for judgment"); ¶ 17 ("at one point, the Court reserved ruling on Plaintiff's motion for judgment as a matter of law regarding the untimeliness of the November 29, 2016 payment"); 14 (same).) Vasconcelo does not allege raising any other specific grounds. (Pl.'s Reply at 2–3 (alleging only generally that he brought "all matters to the Court's attention and requested appropriate relief before the case was submitted to the jury"; and that "the grounds for the underlying motion . . . were raised on the Monday evening, March 5, 2018 after the jury had been sent home for the night, and the parties and counsel stayed to discuss . . . Rule 50 motions"; and that "Plaintiff . . . moved for judgment" which "the Court . . . effectively den[ied] . . . rendering Plaintiff's Rule 50 motion moot").) Nor has Vasconcelo pointed to any specific record evidence that such other grounds were in fact raised. Thus to the extent Vasconcelo seeks judgment as a matter of law on an issue aside from untimeliness, the Court denies his motion because it is based on new grounds. *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1210 (11th Cir. 2009) ("If a party asserts new grounds in its renewed motion for judgment as a matter of law that it did not assert in its initial motion for judgment as a matter of law, a court may not rely on the new grounds to set aside the jury's verdict.") (quotations omitted).

The Court agrees with Car Depot's recollection that Vasconcelo never properly moved for a Rule 50(a) judgment on the untimely initial payment issue as well. However, there has been no record evidence presented to support either party's contention. And while the burden of establishing the basis for a Rule 50(b) motion is no doubt the movant's, the Court will nonetheless evaluate Vasconcelo's claim in the event both Car Depot and the Court's recollections are in error.

Assuming Vasconcelo's motion is properly presented, he is still not entitled to a judgment as a matter of law on the issue of whether Car Depot failed to pay him his first check in a timely manner. There is no real dispute between the parties that employers are required to establish a regular pay

period and a corresponding regular payday for the pay period. (Pl.'s Rule 50 Mot. at ¶ 8.) The parties also do not appear to dispute that an employer must pay an employee on or before that regularly scheduled pay day. (*Id.*) And the Court does not quarrel with Vasconcelo's submission that Car Depot established a weekly pay period where employees were paid each Friday for the pay period ending Wednesday before. The Court also accepts that Vasconcelo "was advanced a draw or paid $72.45 on account of the payroll period ending Wednesday, November 23, 2016," the end of his first work week. (*Id.* at 4.) The Court also acknowledges that Vasconcelo was not paid that Friday, but, instead, was paid four days later, on the following Tuesday.

What Vasconcelo fails to present, however, is any evidence showing that the regular Friday payday had been established for Vasconcelo for his first week, or day really, at work. Thus, although that Friday, November 25, 2016, might have been a regular pay day for other employees at that time, Vasconcelo has not pointed to any evidence that the parties agreed Vasconcelo would be paid that first Friday. In fact, as Vasconcelo himself points out, Quesada testified that Vasconcelo was not paid that first Friday because Vasconcelo had "failed to produce his social security card and . . . he was not 'in the system.'" (*Id.* at 6 (apparently quoting his recollection of Quesada's trial testimony).) Nor does the Court recollect Vasconcelo himself ever testifying that Car Depot told him he was going to be paid on that very first Friday. In short, Vasconcelo has not pointed to any evidence that Vasconcelo and Car Depot had, by Friday, November 25, 2016, actually established that day as Vasconcelo's "regularly scheduled pay day." The Court cannot say then, on the record before it, that there was no legally sufficient evidentiary basis for a reasonable jury to find for Car Depot on this issue. *Cleveland v. Home Shopping Network, Inc.,* 369 F.3d 1189, 1192 (11th Cir. 2004) (stating that judgment as a matter of law should only be granted "when there is no legally sufficient evidentiary basis for a reasonable jury to find for the [non-moving] party on that issue"). In fact, quite the opposite: Vasconcelo himself failed to present evidence sufficient to submit the issue to the jury and the Court actually entered judgment as a matter of law on this issue in favor of Car Depot instead.

### 3. Vasconcelo is not entitled to a new trial.
### A. Legal Standard

In accordance with Rule 59(a), a court may grant a motion for a new trial on all or some issues, "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Eleventh Circuit, however, "permits a district court to order a new trial only under extremely narrow circumstances." *Gonzalez v. Batmasian,* No. 9:16-CV-

81696, 2017 WL 3055009, at *1 (S.D. Fla. July 19, 2017) (Middlebrooks, J.). That is, "[i]t may do so when 'the verdict is against the clear weight of the evidence or will result in a miscarriage of justice.'" *Id.* (citing *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)). Under Rule 59, the standard is more flexible than the standard under Rule 50 and the court is free to independently weigh the evidence itself. *Williams v. City of Valdosta*, 689 F.2d 964, 973 (11th Cir. 1982). However, in order to find in the movant's favor, the Court "must find the verdict contrary to the great, and not merely the greater, weight of the evidence." *Id.* "[W]hen independently weighing the evidence, the trial court is to view not only that evidence favoring the jury verdict but evidence in favor of the moving party as well." *Id.*

Vasconcelo seeks a new trial on a number of bases. First, he claims Car Depot improperly brought attention to issues regarding his immigration status in order to disparage him in front of the jury. Next, he argues he is entitled to a new trial based on two jury-instruction errors: (1) the Court erred by not including an instruction that an employee's wages must be paid "free and clear" of any improper deductions; and (2) the Court erred by including two instructions that were inapplicable to this case and which both confused and misled the jury.

### B. Vasconcelo is not entitled to a new trial based on his allegations that Car Depot improperly introduced allegations regarding his immigration status.

Vasconcelo's argument with respect to his claim that Car Depot improperly raised his immigration status fails. To begin with, even Vasconcelo's description of the allegedly offending testimony does not establish that there was any reference to Vasconcelo's immigration status. According to Vasconcelo, Quesada testified that the processing of Vasconcelo's paperwork was delayed because, during the hiring process, Vasconcelo "failed to produce his social security card and that he was 'not in the system.'" (Pl.'s Mot. at ¶ 19.) The Court can discern nothing prejudicial about Quesada's statement: it is perfectly legal for Quesada, in hiring a new employee, to ask for that employee's social security card. In fact, the Internal Revenue Service pointedly advises employers: "You should ask your employee to show you his or her social security card." IRS Pub. 15 (Circular E), Employer's Tax Guide, 2018 WL 1402389, at *20 (rel. Jan. 25, 2018).

Second, Vasconcelo has not provided the Court with any transcripts to support his allegation. And, according to the Court's recollection, it was Vasconcelo's own counsel who elicited the purportedly offending testimony. Further, as the Court recalls the exchange, Vasconcelo's counsel pointedly asked Quesada about the processing of Vasconcelo's new-hire paperwork. In

response, the Court recalls Quesada explaining that Vasconcelo's paperwork might have been delayed because he didn't have his social security card with him at the time. Whether or not a job applicant has their social security card with them does not in any way reflect on that person's immigration status. Moreover, the fact that Vasconcelo was later paid raises the more reasonable inference that at some point he produced his social security card. Thus, the jury would not have reasonably inferred a lack of immigration status by his initial failure to produce his social security card. Without any citation to specific testimony that actually shows Car Depot attempted to disparage Vasconcelo based on his immigration status, his claim fails. *See Jones v. Carswell Prop. Maint., Inc.,* No. 09-22027-CIV, 2012 WL 163025, at *7 (S.D. Fla. Jan. 19, 2012) (Goodman, Mag. J.) (finding that "it would be inappropriate to grant a new trial based on a vague, transcript-free argument regarding a recollected factual scenario contrary to the memories of the Court or Plaintiffs' counsel").

Further, even if Quesada's testimony was improper, Vasconcelo failed to preserve any objections to the allegedly offending testimony. Raising an objection to alleged errors for the first time in a motion for a new trial is ineffective. *See Richardson v. Bombardier, Inc.*, No. 8:03CV539T31MSS, 2005 WL 3087864, at *7 (M.D. Fla. Nov. 16, 2005), *aff'd sub nom. Ferguson v. Bombardier Servs. Corp.*, 244 F. App'x 944 (11th Cir. 2007) (a court "may not grant a new trial based on alleged errors committed during trial when the moving party failed to make timely objections to those errors during trial") (citing *Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 619 (5th Cir. 1988). This is especially so when the complained of testimony was repeatedly elicited by Vasconcelo's counsel's own questioning.

### C. Vasconcelo is not entitled to a new trial based on the alleged errors the Court made with respect to the jury instructions.

"In determining whether a jury charge was confusing, misleading, or prejudicial, the test is not whether the charge was faultless in every particular, but whether the jury was misled in any way and whether it understood the issues and its duty to determine those issues." *Wright v. Wagner*, 641 F.2d 239, 242 (5th Cir. 1981). "A district court has broad discretion in formulating jury instructions." *Christopher v. Cutter Labs.*, 53 F.3d 1184, 1190 (11th Cir. 1995). "Motions for new trial on the basis of erroneous and prejudicial jury instructions are committed to the discretion of the trial court and reviewed to ascertain whether there has been a clear abuse of that discretion." *Id.*

### (1) The Court did not err by declining to include Vasconcelo's proposed "free and clear" language in the jury instructions.

With respect to Vasconcelo's complaint about the Court's failure to give an instruction, he must show "(1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party." *Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC*, 684 F.3d 1211, 1224 (11th Cir. 2012) (quotation omitted). Vasconcelo's proposed instruction reads, in pertinent part, as follows:

> The FLSA mandates that every employer shall pay to each of his employees . . . a statutory minimum hourly wage. This minimum hourly wage must be paid finally and unconditionally or "free and clear." This minimum wage requirement is violated if the employee is required to kick back any portion of his minimum wage to the employer, directly or indirectly. This is true whether the kickback is made in cash or in other than cash.

(Pl.'s Mot. at ¶ 26 (punctuation altered).) Instead of this instruction, the Court instead provided: "The law contemplates and recognizes a draw against commission as a legal and permitted method of payment which complies with the FLSA as long as the Plaintiff receives at least minimum wage for all hours worked during each pay period." (Instr. To the Jury, ECF No. 65, 6.)

In support of his claim, Vasconcelo insists that the Court's instruction is not a correct statement of the law. In fact, in selectively quoting a Sixth Circuit case, Vasconcelo goes so far as to maintain that "a draw against commission is *not* . . . a legal and permitted method of payment." (Pl.'s Reply at 4 (purporting to quote *Stein v. HHGREGG, Inc.*, 873 F.3d 523, 532 (6th Cir. 2017) (emphasis added).) This is not, however, what *Stein* says. In *Stein*, the defendant employer had a written policy that required employees to "immediately pay [the defendant] any unpaid Deficit amounts" upon termination. *Id.* at 534. Here, Vasconcelo has not pointed to any evidence of such a policy, written or otherwise. Further, in *Stein*, the court pointedly found that, putting aside the employee's post-termination liability, the defendant's practice of otherwise deducting draw payments from future commission earnings did not unlawfully kick back any payments to the employer. *Id.* at 531.

Both parties stipulated that the issues of (1) whether Car Depot's "commissions only" pay plan was permitted under the FLSA and (2) whether Car Depot's payment policy of deducting draws from commissions earned in perpetuity violates the FLSA, were both issues of law, to be determined by the Court. (Jt. Pretrial Stip., ECF No. 42, 5–6.) Inserting language into the instructions about whether Car Depot paid Vasconcelo his wages freely and

clearly or whether it required a kickback would have, therefore, been inappropriate and would have only served to confuse the jury.

Lastly, Vasconcelo's insistence that a $19.00 deduction from one of Vasconcelo's paychecks was indisputably a "clawback" of wages is unavailing. Both parties agreed that the deduction was for a shirt. Vasconcelo says it was for a shirt that he was forced to buy and which benefited Car Depot. Quesada, on the other hand, testified that the shirt was for a rodeo event that Car Depot participates in every year. Quesada maintained that whether employees chose to purchase the shirts was entirely voluntary. In leaving the determination of this issue for the jury, the Court entered the following instruction:

> Any uniform worn by Plaintiff was utilized primarily for the benefit or convenience of the employer. As such if you find the Plaintiff was charged for the uniform, the amount of that deduction may be considered in determining whether the Plaintiff was paid a minimum wage during that pay period.

(Jury Instr. at 9.) This instruction more than adequately addressed any issues regarding the $19 deduction for the shirt. Ultimately, Vasconcelo's proposed instruction did not address an issue that should have been considered by the jury and the Court's refusal to give the instruction did not result in prejudicial harm to Vasconcelo.

**(2) The Court did not err in including instructions about *de minimis* time and exempt employees.**

The Court included the following instruction regarding *de minimis* work time:

> In recording working time under the FLSA, insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded as de minimis. This rule applies only where there are uncertain and indefinite periods of time involved of a few seconds or minutes duration, and where the failure to count such time is due to considerations justified by industrial realities. An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him. In determining whether working time is de minimis, the following considerations are appropriate: (1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work.

(Jury Instr. at 8.) Vasconcelo has a number of complaints about this instruction. First, he complains that Car Depot did not plead a *de minimis* time defense. He also argues that Car Depot presented no evidence regarding any "practical administrative difficulty of recording additional time," regarding the "aggregate amount of compensable time," or regarding "the regularity of the additional work."

To begin with, Vasconcelo does not present any support for his proposition that a *de minimis* instruction is improper when not plead as an affirmative defense. And, in fact, it appears the contrary is true: "the United States Supreme Court refers to the *de minimis* doctrine as a 'rule' and does not suggest that it must be affirmatively pleaded by a defendant before being properly applied by a court." *Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1080 (9th Cir. 2016) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692, 694 (1946)).

Next, regarding Vasconcelo's claim that there was a dearth of evidence about many of the factors listed in the instruction, the Court is not persuaded. Again, in seeking a new trial, Vasconcelo bears the burden of supporting his claim. Without a trial transcript, or an agreement between the parties as to what evidence was or was not presented, the Court is unable to evaluate Vasconcelo's assertion. Here, Car Depot contends that there was "ample evidence to support a *de minimis* instruction at trial." (Defs.' Resp. at 12.) They submit that evidence was presented that salespeople often came into the dealership for an insignificant amount of time in order to deliver a vehicle to customer. (*Id.*) Vasconcelo does not appear to dispute this.

Furthermore, in any event, as noted by the Eleventh Circuit, a reversal based on jury instructions occurs only where there is "substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Big Apple Consulting,* 783 F.3d at 804. In support of his belief that the *de minimis* instruction confused the jury and allowed its members to ignore "record-keeping anomalies," Vasconcelo points to a question the jury submitted to the Court: "Is the employer required by law to fix, amend time cards if the employee does not bring it to their attention?" (Jury Note/Question, ECF No. 66, 1.) Although Vasconcelo represents the Court's response to have been simply "No," that is wholly inaccurate. Instead, the Court responded more comprehensively: "The law does not necessarily require an employer to fix or amend time cards, but the employer is required to pay an employee for any hours the employee worked if the employer knew or should have known that the employee worked those hours." (Court's Resp., ECF No. 66, 2.) Contrary to Vasconcelo's contention, the instruction itself unambiguously informed the jurors that "[a]n employer may not arbitrarily fail to count as hours worked any

part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him." Thus Vasconcelo's concern that the jury was permitted to "speculate regarding whether the dozens of automatic deductions and adjustments to time records might be disregarded as minor or inconsequential" (Pl.'s Rule 50 Mot. at ¶ 36) is unfounded. Nothing about this Court's instruction or the jury's question suggests the jury instruction had any "tendency to confuse or to mislead the jury with respect to the applicable principles of law." *S.E.C. v. Yun*, 327 F.3d 1263, 1281 (11th Cir. 2003).

Vasconcelo also objects to the Court's inclusion of the following jury instruction: "Under the FLSA, the Plaintiff is an exempt employee and is not entitled to time and one half for overtime hours worked." (Jury Instr. at 5.) Assuming Vasconcelo objected to this instruction during the trial (which Vasconcelo does not even allege), the Court finds nothing in this instruction that would have led the jury astray. As the testimony in this case revealed, Vasconcelo, at times, worked more than forty hours in a given week. To prevent the jurors from addressing this issue on their own, and wondering why Vasconcelo was not paid time-and-a-half for his overtime hours, the Court included this jury instruction. The recited instruction is unremarkable, is a correct statement of the law, and is consistent with the evidence adduced at trial.

4. **The Court vacates its final judgment to include an award of liquidated damages and to reserve jurisdiction to determine a reasonable fee award.**

After the jury returned a verdict for $97.20 in Vasconcelo's favor, neither party raised the issue of liquidated damages. Shortly thereafter, the Court entered "final judgment" for Vasconcelo for the amount of the verdict. Labeling the judgment "final" was clearly in error because the Court has not yet addressed liquidated damages or attorneys' fees in this FLSA case. *See Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("a final determination as to the award of attorney fees [in an FLSA case] is required as part of the final appealable judgment").

With respect to liquidated damages, the Court finds Car Depot has not carried its burden of establishing that the Court should exercise its discretion regarding such an award. While Car Depot has alleged its subjective good-faith belief that it was not acting in violation of the FLSA, it has not demonstrated that it had objectively reasonable grounds for believing that its acts did not violate the FLSA. 29 U.S.C. § 260. Car Depot explains that it significantly reformed its pay and timekeeping practices after a Department of Labor investigation revealed various deficiencies in its FLSA compliance. Car Depot

says that, after the investigation, it enacted new policies to ensure that its timeclock practices remained in strict compliance with the FLSA. But Car Depot fails to tie its efforts to ensure compliance with the DOL's report with any measure of objective reasonableness. Instead, Car Depot maintains that it "strictly enforced timekeeping policies, which certainly meet, if not exceed, an employer's obligations under the FLSA." (Defs.' Resp. at 4.) Based on the verdict, however, these policies clearly did not suffice. Thus what Car Depot has failed to do is explain why their efforts, despite failing to prevent the FLSA wage violations at issue, were nonetheless objectively reasonable. Additionally, based, at least in part, on Car Depot's past problems with FLSA compliance issues, including the Department of Labor's investigation, the Court would not, in any event, be inclined to exercise its discretion in this case. An employer bears the burden of proving that it is entitled to such discretionary relief and Car Depot has not carried that burden here. The Court thus finds, in accordance with 29 U.S.C. § 216(b), that Vasconcelo is entitled to an additional award of $97.20 in liquidated damages, for a total of $194.40.

Further, the Court will not enter a final judgment until a determination of Vasconcelo's entitlement to fees has been made.

### 5. Conclusion

For the reasons detailed above, the Court **denies** Vasconcelo's motion for the entry of judgment as a matter of law, or alternatively, for a new trial on the issue of damages. (**ECF No. 84**.) The Court **grants in part and denies in part** Vaconcelo's motion for an amended final judgment. (**ECF No. 83**.) To that end, the Court **vacates** its final judgment (**ECF No. 70**). Once the fees issue has been resolved, the Court will thereafter enter a final judgment reflecting the jury award, combined with both the liquidated damages award (addressed above) and any fee award.

**Done and ordered**, at Miami, Florida, on July 2, 2018.

Robert N. Scola, Jr.
United States District Judge