United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Roberto Vasconcelo, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Miami Auto Max, Inc., d/b/a "Car Depot of Miami" and "Car Depot of Miramar"; and Kennya Quesada, Defendants. | ) Civil Action No. 17-21765-Civ-Scola |

**<u>Order Regarding Report and Recommendation</u>**

Before the Court is United States Magistrate Judge Edwin G. Torres's report and recommendation (ECF No. 104) on Plaintiff Roberto Vasconcelo's motion for attorney's fees (ECF No. 99) and the parties' cross motions for costs (Pl.'s Mot. for Costs, ECF No. 88; Def.'s Mot. for Costs, ECF Nos. 86, 87). Vasconcelo objects to the report and recommendation (ECF No. 105) and Defendants Miami Auto Max, Inc. and Kennya Quesada have responded thereto (ECF No. 106). For the following reasons, the Court **adopts** Judge Torres's ultimate recommendations in full. (**ECF No. 104**.)

**1. Vasconcelo's Motion for Fees**

After carefully reviewing Vasconcelo's motion for fees and attorney Anthony Sanchez's detailed billing records, Judge Torres determined that 47.7[1] of the hours that Sanchez billed for his own work should be excluded as excessive, redundant, clerical, or otherwise unrecoverable. Judge Torres also determined that Sanchez's paralegal Frank Zwanink's hours should be reduced from 20.2 to 16.5. Judge Torres further concluded that a reasonable hourly rate of $100 was appropriate for Zwanink and $400 for Sanchez. Neither party objects to any of Judge Torres's hour-by-hour reductions or the hourly-rate determinations.

Based on his 47.7-hour deduction from Sanchez's total billed hours, Judge Torres concluded that 104.9 of Sanchez's billed-for hours are compensable. This final figure, however, was based on a scrivener's error in Vasconcelo's motion. As Vasconcelo and the Defendants acknowledge, Vasconcelo inadvertently listed Sanchez's total billed hours as 152.6 when, in actuality, his hours total only 132.4. (Pl.'s Not., ECF No. 107, 2; Defs.' Reply at 3–4.) Because of this error, Judge Torres miscalculated the total number of

---
[1] Although the report and recommendation summarizes the deduction amount as "40 hours," the hours specifically identified for exclusion add up to 47.7. (Rep. & Rec. at 18 (39.7 hours identified as excessive and redundant; 2 identified as clerical tasks; and 6 hours identified as spent on unrecoverable tasks). And, in fact, 47.7 was the number of hours Judge Torres ultimately excluded from the total number of hours he concluded Sanchez billed for.

hours that Sanchez should reasonably be compensated for, subtracting 47.7 from 152.6 instead of 132.4. Thus, the Court finds that the number of compensable hours attributed to Sanchez, before any other adjustments, should be 84.7 (132.4 minus 47.7). This reduction amounts to a difference of $8080 between the total net lodestar amount Judge Torres calculated and the amount the Court finds he would have calculated but for Vasconcelo's scrivener's error ($43,610 minus $35,530). Because neither party objected to Judge Torres's deductions themselves, and because both parties agree that the total number of hours Sanchez actually billed was 132.4 and not 152.6, the Court finds the lodestar amount to be properly calculated as **$35,530** and thus modifies Judge Torres's findings in that regard.

This is where the parties' agreement abruptly ends. On multiple fronts, Vasconcelo challenges the propriety of Judge Torres's recommendation that the Court apply a 70% downward adjustment to the lodestar amount. This reduction resulted in Judge Torres's adjusting Sanchez's fee award down to $13,083 (70% of $43,610).[2] Vasconcelo argues that Judge Torres's downward adjustment of the lodestar amount by 70% was in error for a number of reasons: (1) the "adjustment erroneously depends upon [Vasconcelo's] failure to accept an offer of judgment which was patently invalid"; (2) the "adjustment necessarily includes 'double[]counting' contrary to the *Bivens* preclusion"; (3) the "adjustment is based on the unfounded notion that the amount sought by [Vasconcelo] was 'unreasonably high'"; (4) the award fails to account for the "public[-]benefit principle"; (5) the "adjustment is erroneously based upon" Judge Torres's finding "that [Vasconcelo] failed to prove 'abuse'"; (6) Judge Torres "failed to recognize or consider that the Court . . . found that [Vasconcelo] was entitled to liquidated damages based upon the Defendants' failure to prove 'good faith'"; and (7) a "downward adjustment in [an] FLSA case[] should be as rare as [an] upward adjustment[]." (Pl.'s Objs. at 14–20.) After a thorough de novo review of Judge Torres's report and recommendation, the Court agrees with the Defendants and finds no merit to Vasconcelo's objections.

The 70% reduction that Judge Torres applied to the lodestar amount of $43,610 was amply justified. A court "has discretion to reduce an award to account for situations where the lodestar figure is unreasonable in light of the limited success obtained." *Martinez v. Hernando County Sheriff's Off.*, 579 Fed. App'x 710, 715 (11th Cir. 2014). Here, in his underlying claim, Vasconcelo

---

[2] The Court acknowledges that if Judge Torres had applied a 70% reduction to $35,530, his final recommended award amount would have been only $10,659 instead of $13,083. However, because the Court finds, upon its own de novo review, an award of $13,083 ultimately supported by the record, it is not concerned by this discrepancy. Such a difference results in this Court's finding a downward adjustment closer to 63% more appropriate rather than the 70% found by Judge Torres.

sought to recover $12,795.30 in unpaid wages and liquidated damages. (Pl.'s Stmt. of Claim, ECF No. 11-1, 1.) In contrast, after trial, the Court entered judgment in Vasconcelo's favor for only $194.40 (representing the jury's verdict award of $97.20 plus an equal amount awarded by the Court in liquidated damages). This represents 1.5% of the total amount sought. The Court has carefully assessed Judge Torres's analysis and finds, upon the Court's own de novo review, that his downward adjustment to **$13,083** was fully supported. In adopting Judge Torres's reasoning and justifications, and applying them to the revised lodestar amount of $35,530, the Court finds a reduction of approximately 63% warranted, thus arriving at the same figure. Such a reduction is consistent with an array of cases throughout this district and the Eleventh Circuit. *E.g.*, *Martinez*, 579 Fed. App'x at 715 (approving the district court's 75% lodestar reduction where the FLSA plaintiff recovered only 1.8% of the $61,030.13 he sought); *Jimenez v. Borman*, 16-24055-CIV, 2017 WL 5508382, at *1 (S.D. Fla. Nov. 15, 2017) (Moreno, J.) (describing counsel's claim for $58,132 in attorney's fees for a $4,824.00 FLSA judgment as "exorbitant" and reducing it by 75%); *Zelaya v. Pak United, Inc.*, 08-23462-CV, 2011 WL 13174409, at *3 (S.D. Fla. Feb. 22, 2011) (Turnoff, Mag. J.) (applying a 75% reduction to a fee request and noting the "vast disparity" between the FLSA plaintiff's initial claim for over $30,000 and the $1063.75 ultimately recovered); *Roldan v. Pure Air Sols., Inc.*, 07-22203CIVTORRES, 2010 WL 410571, at *7 (S.D. Fla. Jan. 29, 2010) (Torres, Mag. J.) (applying an 85% reduction to the lodestar amount where an FLSA plaintiff recovered only $533.69).[3]

### 2. Cross Motions for Costs

Both parties filed motions for costs. (ECF Nos. 86–88.) Judge Torres recommends granting the Defendants' motion in its entirety and granting

---

[3] The Court notes that, five months after filing his motion for fees, Vasconcelo submitted a "supplement" to his initial motion. (Pl.'s Supp., ECF No. 108.) However, this supplement fails to comply with the Court's Local Rules. Under Local Rule 7.3, a party seeking fees *must* certify "that a good faith effort to resolve issues by agreement occurred . . . , describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and amount." Vasconcelo maintains that because his *initial* motion for fees included the required certification, he need not comply with the rule regarding his supplement, filed five months later, seeking fees counsel expended in litigating the fee petition. Applying this reasoning would completely defeat the purpose of the rule. The parties could not have possibly made "a good faith effort to resolve" all of the issues prior to April 2018 if Vasconcelo did not present the entirety of his motion, through his supplement, until five months later, in October 2018. Vasconcelo's April 2018 7.3 certification cannot carry forward to his October 2018 supplement. Vasconcelo's arguments to the contrary are frivolous. The Court thus **denies** any of the fees requested in Vasconcelo's supplement (**ECF No. 108**). *See Norych v. Admiral Ins. Co.*, 08-60330-CIV-ALTONAG, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010) (Altonaga, J.) (concluding that a movant's failure to comply with Local 7.3 is "sufficient reason to deny" the motion for fees).

Vasconcelo's motion in part. His recommendations in this regard were prompted by his finding that the Defendants had presented Vasconcelo with a valid Rule 68 offer of judgment (for $3500) that ultimately proved to be more favorable than the judgment entered. As a result, Judge Torres granted the Defendants' request for all the costs they incurred subsequent to the Rule 68 offer and likewise denied Vasconcelo's request for costs he incurred during the same period. Vasconcelo argues this was in error because the Defendants' Rule 68 offer was not valid and was not more favorable than the judgment he eventually obtained.

Based on the Court's de novo review, the Court finds the entirety of Judge Torres's report and recommendations on this issue cogent and compelling. The Defendants' $3500 offer (plus fees and costs) was clear and unambiguous and was far more favorable than the $194.40 Vasconcelo was awarded after trial. The Court thus adopts Judge Torres's recommendation that the Defendants should recover from Vasconcelo **$1340** in costs and that Vasconcelo should recover from the Defendants **$535** in costs, for expenses he incurred prior to the offer.

### 3. Conclusion

Based on the foregoing, the Court **adopts** Judge Torres's report and recommendations (**ECF No. 104**) as to his final conclusions, **modifying** his findings only to the extent detailed above, in section 1. In summary, the Court orders as follows:

(1) the Court **grants** the Defendants' motions for costs (**ECF No. 86, 87**) thus awarding them **$1340**;

(2) the Court **grants in part and denies in part** Vasconcelo's motion for costs (**ECF No. 88**), awarding him **$535**;

(3) the Court **grants in part and denies in part** Vasconcelo's motion for fees (**ECF No. 99**), awarding him **$13,083**.

In reconciling these amounts, **judgment** is therefore entered in favor of Plaintiff Roberto Vasconcelo and against Defendants Miami Auto Max, Inc., doing business as Car Depot of Miami and Car Depot of Miramar, and Kennya Quesada, jointly and severally, in the amount of **$12,278**.

**Done and ordered** in chambers, at Miami, Florida, on January 22, 2018.

_____
Robert N. Scola, Jr.
United States District Judge