United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Roberto Vasconcelo, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Miami Auto Max, Inc., d/b/a "Car Depot of Miami" and "Car Depot of Miramar," and; Kennya Quesada, Defendants. | ) Civil Action No. 17-21765-Civ-Scola |

### Order Denying Motion for Relief from Judgment and Order

Plaintiff Roberto Vasconcelo has asked the Court to relieve him of the final judgment entered in this case and to reconsider its order denying his motion for a new trial. (ECF No. 124.) Defendants Miami Auto Max, Inc., doing business as "Car Depot of Miami" and "Car Depot of Miramar," and Kennya Quesada (collectively, "Car Depot") oppose Vasconcelo's motion, arguing it is untimely and fails on its merits as well. (Defs.' Resp., ECF No. 125.) After careful consideration, the Court **denies** Vasconcelo's motion (**ECF No. 124**).

1. **Background**

Vasconcelo initiated this case in May 2017, asserting a single claim for unpaid minimum wages under the Fair Labor Standards Act. Vasconcelo, a used-car salesman at the Car Depot, complained Car Depot forced him to "work 'off-the-clock' hours in order to 'repay' his employer for amounts supposedly paid for hours he worked." (Pl.'s Mot. at 1.) After a two-day trial, a jury returned a verdict in his favor, finding Car Depot failed to pay Vasconcelo at least minimum wage for all the hours he worked. (*Id.*) Although the jury found in his favor, it awarded him only $97.20. (*Id.*) Subsequently, Vasconcelo moved for a new trial. (*Id.*) The Court denied the motion (ECF No. 103) and later entered a final judgment (ECF No. 112). Vasconcelo's appeal of both the final judgment as well as the Court's order denying a new trial are pending before the Eleventh Circuit.[1]

During the trial in this case, Vasconcelo asked Quesada, Car Depot's owner, about an unsigned document labeled "Sales Associate Pay Plan." (Pl.'s Mot. at 2.) Under "Training," this plan indicated that new employees would be "required to complete [their] first week . . . of training . . . without compensation." (Ex. 1, ECF No. 124-1.) When asked about the unexecuted

---
[1] "[D]istrict courts retain jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion." *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003).

document or the unpaid training generally, Quesada testified she was not aware of a Car Depot "policy of not paying new employees for their training." (Pl.'s Mot. at 5.) Quesada also testified that Car Depot's sales manager, Jorge Sotomayor, would know more than she would about whether such a plan had ever been implemented. (Defs.' Resp. at 5.) Ultimately the Court did not allow the unsigned plan into evidence. (Trial Tr., Day 2, 32:9–16; ECF No. 120 (sustaining defense counsel's objection after he (1) argued the document was not signed and had no predicate and (2) pointed out that there was "no testimony that support[ed] that [the unsigned pay plan] had anything to do with the employment relationship for the claims pending in this case").) Vacsoncelo never deposed Sotomayor and never sought any third-party discovery from him about unpaid training. (*Id.*) Vasconcelo asked another employee, Christine Dawkins, Car Depot's office manager, whether salespeople ever received training without being paid. She testified, in response, "Well, no one was ever asked to work without punching a clock and no one ever worked without getting paid." (Trial Tr., Day 1, 60:6–13, ECF No. 119.) On the other hand, Dawkins also testified that she didn't "have any idea" whether such a plan was in effect during Vasconcelo's employment. (*Id.* at 61:18–20.)

In contrast, recently, during discovery in a related case, between the same parties in state court, Car Depot produced a copy of a "Sales Associate Pay Plan." This document is signed, by another salesperson, Alexander Bozzetti, and dated February 21, 2017—which falls within the timeframe during which Vasconcelo was employed. (Ex. 2, ECF No. 124-2, 1.) The document states the employee, Bozzetti, "will be required to complete [the] first week . . . of training . . . without compensation." (*Id.*)

### 2. **Vasconcelo's Rule 60(b) is not timely.**

Vasconcelo asks the Court (1) to reconsider its order denying his motion for a new trial (ECF No. 103) and (2) for relief from the Court's final judgment (ECF No. 112). But the order denying Vasconcelo's motion for a new trial was entered on July 2, 2018—well over a year before Vasconcelo filed the instant motion. As Car Depot points out, this renders Vasconcelo's current motion to reconsider untimely. Under Federal Rule of Civil Procedure 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the . . . order." Fed. R. Civ. P. 60(c)(1). Here, Vasconcelo seeks relief under Rule 60(b) based on what he describes as "subsequently discovered evidence" and Car Depot's "false testimony at trial." (Pl.'s Mot. at 4.) He thus seeks relief for reasons (2)—"newly discovered evidence"—and (3)— "fraud . . . , misrepresentation, or misconduct by an opposing party." "The Rule is clear. In order for a Rule 60(b)(1) or 60(b)(2)

or 60(b)(3) motion to be timely, it must be filed not more than one year after the entry of the judgment or order or date of the proceeding." *Johnson v. Buss*, 05-CIV-23293, 2011 WL 2652157, at *2 (S.D. Fla. July 6, 2011) (Moreno, J.). Vasconcelo's motion, then, with respect to the order denying his request for a new trial, is untimely.

The Court's final judgment, on the other hand, was entered exactly one year before the instant motion was filed. Nonetheless, "a motion is not timely pursuant to Rule 60 merely because it was filed less than one year after the entry of judgment." *Leon v. M.I. Quality Lawn Maint., Inc.*, 10-20506-CIV, 2018 WL 6250529, at *4 (S.D. Fla. Nov. 29, 2018) (Simonton, C. Mag. J.). Rather, the Court must also determine whether Vasconcelo's motion was "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "A determination of what constitutes a reasonable time depends on the circumstances in an individual case, and in making the determination, courts should consider whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." *Rease v. AT&T Corp.*, 358 F. App'x 73, 75 (11th Cir. 2009) (citing *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275-76 (11th Cir. 2008)) (internal quotations omitted).

In attempting to show that he acted "within a reasonable time," Vasconcelo points to his filing of his Rule 60(b) motion "within weeks of obtaining the unlawful Pay Plan." (Pl.'s Reply at 5.) As Vasconcelo explains, Car Depot produced the document in September 2019, in response to Vasconcelo's discovery requests in a related state-court litigation. Missing from Vasconcelo's presentation, however, is any justification for Vasconcelo's not having sought such purportedly critical evidence sooner. Contrary to Vasconcelo's position, Car Depot does not bear the burden, as an initial matter, of showing that the motion was *not* made within a reasonable time; rather, Vasconcelo himself must affirmatively show that it *was*. *See Del Fuoco v. Wells,* Case No. 8:03–CV–161–T–23TGW, 2007 WL 42960, at *6 (M.D. Fla. Jan.4, 2007) ("The plaintiff has failed to provide any reason at all, much less a good reason, why the information contained in the documents was not presented sooner than it was.") Because the Court can discern nothing in the record that would have prevented Vasconcelo from seeking this evidence during discovery in this case, the Court finds his motion untimely. *See Johnson Waste Materials v. Marshall*, 611 F.2d 593, 598 (5th Cir. 1980)[2] (distinguishing between evidence that is truly "newly discovered" rather than evidence that is "merely 'newly produced'").

---

[2] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

### 3. Even if Vasconcelo's motion seeking relief from the Court's judgment were timely, it would nonetheless fail on its merits.

#### A. Rule 60(b)(2)

Under Rule 60(b)(2), a party is entitled to a new trial if he shows (1) evidence has been newly discovered since the trial; (2) the failure to discover the evidence was not caused by a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000). To begin with, once again, Vasconcelo does not contend, never mind establish, he was diligent in seeking the signed pay plan that he says was just recently discovered. During discovery, Quesada testified at her deposition that she did not think the unpaid training pay plan ever "went into place." (Quesada Dep. 55:5–9, ECF No. 123-1.) She also said that Sotomayor, the general manager of the dealerships, would know the most about whether the pay plan was ever implemented. (*Id.* at 55:14–18.) While Quesada testified during trial that she was not aware of any implementation of a dealership policy of not paying employees for their training and that such a plan "never took place" and "was tossed right away," Vasconcelo never explains why such testimony would have prevented him from discovering the particular signed pay plan he now relies on. (Trial Tr. 19:16–23.) Vasconcelo does not explain why he did not seek this record, pertaining to another employee, prior to trial and therefore fails to show due diligence. *Kissinger-Campbell v. C. Randall Harrell, M.D., P.A.*, 418 Fed. App'x 797, 805 (11th Cir. 2011) ("To demonstrate due diligence, the moving party must show why he did not have the evidence at the time of the trial.") (citing 11 Wright, Miller & Kane, Federal Practice and Procedure, Civil § 2859 (2010)).

Furthermore, the Court does not find this evidence material or that its introduction at trial "would probably produce a new result." *Toole*, 235 F.3d at 1316. Vasconcelo does not contend this plan was ever applicable to him— indeed it was signed by a different employee, three months after he himself started working at Car Depot. (Defs.' Resp. at 3.) And there is no dispute that Vasconcelo was compensated for his first week of employment. (*Id.* at 4.) Instead, Vasconcelo's argument is that if he had had this other employee's signed pay plan at trial, he would have been able to prove that Car Depot requires its sales personnel to work off the clock. (Pl.'s Mot. at 8.) Vasconcelo also maintains this pay plan "would have corroborated [his] testimony that he was charged . . . $19 for apparel that he was required to wear at work." (*Id.*) Nothing in Vasconcelo's presentation enables the Court to divine the crucial connection between, on the one hand, Vasconcelo's claim that Car Depot required him to work off the clock "in order to 'repay' his employer for amounts

supposedly paid for hours he worked" and, on the other, a document signed by another employee requiring that other employee to complete a five-day training without compensation. The jury already found in Vasconcelo's favor—that Car Depot failed to pay him a minimum hourly wage for all the hours he worked. Vasconcelo fails to explain or demonstrate how this other employee's signed pay plan would have resulted in a different trial result.

### B. Rule 60(b)(3)

In accordance with "Rule 60(b)(3), a court may relieve a party from a final judgment upon a showing of fraud, misrepresentation, or misconduct by an opposing party." *Guthrie v. Wells Fargo Home Mortgage NA*, 706 Fed. App'x 975, 977 (11th Cir. 2017) (citing Fed. R. Civ. P. 60(b)(3)). "To obtain relief under Rule 60(b)(3), the moving party must prove by clear and convincing evidence the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct." *Id.* Ultimately, "[t]he moving party must also demonstrate the alleged conduct prevented h[im] from fully presenting her case." *Id.* The testimony Vasconcelo presents does not amount to clear and convincing evidence that Car Depot obtained the verdict in this case through fraud, misrepresentations, or other misconduct. Indeed, it is not even clear that the testimony he presents necessarily amounts to misrepresentations, as he claims it does, at all. Certainly, Quesada's testimony could have just as easily been a reflection of her mistaken understanding of not only counsel's questions but also of the underlying facts. This is borne out by Quesada's deposition testimony where she stated she didn't "think" the unpaid-training pay plan ever went into place and that Car Depot's sales manager, Jorge Sotomayor, would know more about the pay plan than she did. (Defs.' Resp. at 5.) Vasconcelo characterizes Car Depot as having "testif[ied] untruthfully that such a Pay Plan had never been implemented." (Pl.'s Mot. at 7.) The testimony Vasconcelo presents is far from so absolute and unequivocal.

### 4. Conclusion

Vasconcelo's motion is untimely and fails on its merits. Based on the foregoing analysis, the Court **denies** his motion for relief from the Court's final judgment and for reconsideration of the order denying Vasconcelo's motion for a new trial (**ECF No. 124**). Accordingly, the Court also denies Vasconcelo's request for a hearing as well as his request for additional discovery related to

the sales records he identifies in his motion (Pl.'s Mot. at 9).

**Done and ordered**, at Miami, Florida, on March 24, 2020.

_____
Robert N. Scola, Jr.
United States District Judge